# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:19-cv-00183-MR

| | |
|---|---|
| BERTHA LOUISE COVINGTON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ANDREW SAUL, Commissioner )<br>of Social Security, )<br>)<br>Defendant. )<br>_____ ) | **MEMORANDUM OF**<br>**DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 16] and the Defendant's Motion for Summary Judgment. [Doc. 19].

## I.   BACKGROUND

On January 13, 2015, the Plaintiff, Bertha Covington (the "Plaintiff"), filed an application for disability and disability insurance benefits under Title II of the Social Security Act (the "Act"), alleging an onset date of June 28, 2013. [Transcript ("T.") at 54]. On May 28, 2015, the Plaintiff also filed an application for supplemental security income under Title XVI of the Act, again alleging an onset date of June 28, 2013. [Id.]. The Plaintiff's claim was initially denied on October 9, 2015, and upon reconsideration on January 12,

2016. [Id. at 270-74, 278-90]. On the Plaintiff's request, a hearing was held on December 5, 2017 before an Administrative Law Judge ("ALJ"). [Id. at 54]. On May 14, 2018, the ALJ issued a written decision denying the Plaintiff benefits, finding that the Plaintiff was not disabled within the meaning of the Act since the alleged onset date of June 28, 2013. [Id. at 70]. The Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [Id. at 1-7]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support

2

a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional investigation and explanations." Mills v. Berryhill, No. 1:16-cv-25-MR, 2017

WL 957542, at *4 (W.D.N.C. Mar. 10, 2017) (Reidinger, J.) (citing Radford, 734 F.3d at 295).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant

does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. Social Security Ruling 96-8p; 20 C.F.R. §§ 404.1546(c); 404.943(c); 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634. If the claimant can still perform his or her past work, then the claimant is not disabled. Id. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age,

education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering his burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits.

## IV. THE ALJ'S DECISION

At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since her alleged onset date, June 28, 2013. [T. at 56]. At step two, the ALJ found that the Plaintiff has severe impairments including "hypertension, diabetes, neuropathy, osteoarthritis, fibromyalgia, obesity, syncope, hypothyroidism, depression, anxiety, and a schizoaffective disorder." [Id. at 62]. At step three, the ALJ determined that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the Listings. [Id. at 63-66]. The ALJ then determined that the Plaintiff, notwithstanding her impairments, has the RFC:

> [T]o perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can perform

> postural only occasionally and must avoid workplace hazards. Further, she can follow short, simple, non-detailed/non-routine tasks, but cannot perform work at a production rate or on demand. She is able to sustain attention and concentration for two hours at a time but must avoid concentrated exposure to extreme hot and cold environments. She will have difficulty dealing with crisis, making complex decisions or tolerate [sic] constant changes in routine. She can tolerate frequent but not continuous contact or interactions with coworkers, supervisors or the public. Finally, the claimant will need one or two additional 15 minute rest periods in additional [sic] to regular breaks.

[Id. at 66].

At step four, the ALJ identified the Plaintiff's past relevant work as a medical assistant and medical secretary. [Id. at 68]. The ALJ observed, however, that the Plaintiff is "unable to perform past relevant work as actually or generally performed." [Id.]. At step five, based on the testimony of the VE, the ALJ concluded that, considering the Plaintiff's age, education, work experience, and RFC, the Plaintiff is capable of performing other jobs that exist in significant numbers in the national economy, including laundry folder, inspector/hand packager, and cashier. [Id. at 69]. The ALJ therefore concluded that the Plaintiff was not "disabled" as defined by the Social Security Act from June 28, 2013, the alleged onset date, through May 14, 2018, the date of the decision. [Id. at 70].

7

## V.   DISCUSSION[1]

As one of her assignments of error, the Plaintiff argues that the ALJ erred by finding that the Plaintiff's fibromyalgia did not medically equal any listed impairment. [Doc. 16-1 at 7-11].

SSR 12-2p provides guidance to an ALJ in assessing fibromyalgia in disability claims. See SSR 12-2p, 2012 WL 3104869, at *2-3 (July 25, 2012). According to SSR 12-2p, the claimant can show a medically determinable impairment of fibromyalgia by demonstrating: (1) a diagnosis from an acceptable medical source and (2) evidence from that source that satisfies either the 1990 American College of Rheumatology Preliminary Diagnostic Criteria for fibromyalgia (the "1990 Criteria") or the 2010 American College of Rheumatology Preliminary Diagnostic Criteria for fibromyalgia (the "2010 Criteria"). Id. Under the 2010 Criteria, a claimant shows a medically determinable impairment of fibromyalgia by showing: (1) a history of widespread pain; (2) repeated manifestations of six or more fibromyalgia symptoms, signs, or co-occurring conditions, especially manifestations of fatigue, cognitive or memory problems ("fibro fog"), waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome; and (3) evidence

---

[1] Rather than set forth the relevant facts in a separate section, the Court has incorporated the relevant facts into its legal analysis.

that other disorders that could cause these repeated manifestations of symptoms, signs, or co-occurring conditions were excluded. See SSR 12-2p, 2012 WL 3104869, at *2-3. SSR 12-2p further states that while fibromyalgia is not a listed impairment, a claimant can show that he or she is disabled by establishing that his or her fibromyalgia either medically equals a Listing or medically equals a Listing in combination with another medically determinable impairment. Id. at *6.

Here, the ALJ found that while the Plaintiff's fibromyalgia was a medically determinable impairment and a severe impairment, it did not meet or medically equal the severity of one of the Listings because the claimant failed to provide

> evidence showing that, during the relevant period, she exhibited clinical findings that met the American College of Rheumatology criteria for fibromyalgia. She has supplied no evidence documenting the requisite number of tender point findings. Further, she has provided no evidence that medical doctors have excluded other impairments as required in SSR 12-2p. Thus, this diagnosis does not comport with the requirements set forth in either SSR 12-2p or 96-4p that requires that an "impairment" must result from anatomical, physiological or psychological abnormalities apparent by medically acceptable clinical and laboratory diagnostic techniques.

[T. at 62-63].

The ALJ's analysis of the Plaintiff's fibromyalgia, however, misstates the requirements of SSR 12-2p and the record evidence.[2] Under SSR-12-2p, the American College of Rheumatology criteria are only relevant to whether the Plaintiff's fibromyalgia is a medically determinable impairment at step two, not at step three. See SSR 12-2p, 2012 WL 3104869, at *2-3. The ALJ found that the Plaintiff's fibromyalgia constitutes a medically determinable impairment at step two, and therefore found that the Plaintiff's fibromyalgia meets the 1990 Criteria or the 2010 Criteria. [T. at 62]. At step three, the ALJ should have focused on whether the fibromyalgia either medically equals a Listing or medically equals a Listing in combination with another medically determinable impairment. Id. at *6. The ALJ, however, never discussed whether the Plaintiff's fibromyalgia medically equals a Listing, either alone or in combination with another medically determinable impairment. Rather, at step three, the ALJ confusingly stated that the Plaintiff presented no "clinical findings that met the American College of Rheumatology criteria for fibromyalgia." [Id. at 63]. As such, the ALJ's findings at step three contradict his findings at step two. Moreover, the ALJ appears to have contradicted the record evidence at step three by stating

---

[2] To show a medically determinable impairment of fibromyalgia at step two, the Plaintiff must meet the 1990 Criteria or the 2010 Criteria. See SSR 12-2p, 2012 WL 3104869, at *2-3 (July 25, 2012).

that the Plaintiff "has supplied no evidence documenting the requisite number of tender point findings[,]" [id.], despite the record showing that sufficient tender points were found in three different examinations. [See Doc. 16-1 at 9-10 (citing T. at 624, 2354, 2802)]. As such, the ALJ's decision contains an insufficient record of the basis for the ALJ's ruling, Gordon v. Schweiker, 725 F.2d 232, 235 (4th Cir. 1984), and fails to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional investigation and explanations." Mills v. Berryhill, No. 1:16-cv-25-MR, 2017 WL 957542, at *4 (W.D.N.C. Mar. 10, 2017) (Reidinger, J.) (citing Radford, 734 F.3d at 295).

## VI. CONCLUSION

Because this Court lacks an adequate record of the basis for the ALJ's decision, it cannot conduct a meaningful review of that ruling. See Radford, 734 F.3d at 295. When assessing if the Plaintiff's fibromyalgia is a medically determinable impairment on remand, the ALJ must explain if Plaintiff meets the 1990 Criteria or the 2010 Criteria, including whether the Plaintiff shows

(1) a history of widespread pain; (2) repeated manifestations of six or more fibromyalgia symptoms, signs, or co-occurring conditions; or (3) evidence that other disorders that could cause these repeated manifestations of symptoms, signs, or co-occurring conditions were excluded. See SSR 12-2p, 2012 WL 3104869, at *2-3. Then the ALJ must discuss whether the Plaintiff's fibromyalgia medically equals a Listing, either alone or in combination with another medically determinable impairment at step three. See id. at *6.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 16] is **GRANTED**, and the Defendant's Motion for Summary Judgment [Doc. 19] is **DENIED**. Pursuant to the power of this Court to enter judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED** and the case is hereby **REMANDED** for further administrative proceedings consistent with this opinion. A judgment shall be entered simultaneously herewith.

Signed: March 3, 2020

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge